# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-1227-EFM-GEB |
| | ) |
| SEDGWICK COUNTY DISTRICT ATTORNEY'S OFFICE, | ) ) |
| | ) |
| Defendant. | ) |
| | ) |

## REPORT AND RECOMMENDATION AND NOTICE

This matter is before the Court on Plaintiff Anthony Allen's Motion to Proceed Without Prepayment of Fees **(ECF No. 3, *sealed*)**. Plaintiff, proceeding *pro se*, brings this action alleging violations of his civil and constitutional rights relating to an October 2018 arrest.[1] Plaintiff alleges "wrongful incarceration, violation of the Double Jeopardy Clause, and violation of Due Process."[2] All *factual allegations* are against Defendant, Sedgwick County District Attorney's Office.[3] However, Plaintiff fails to allege any *claims* against the Defendant.[4] Also, the allegations alleged in the Complaint are substantially equivalent to the claims alleged, and subsequently dismissed, in **Case No. 21-1153-KGG-JWB**[5] and

---

[1] ECF No. 1 at 3.
[2] ECF No. 1 at 3.
[3] ECF No. 1 at 2.
[4] ECF No. 1.
[5] 21-1153-KGG-JWB, *Allen v. Sedgwick County Sheriff Dept.*, Memorandum and Order, ECF No. 9 at 3.

1

**Case No. 21-1300-KGG-HLT**.[6] Dismissals in each case were identical on failure to state a claim and statute of limitations grounds.[7] And Plaintiff's claims were also dismissed in **Case No. 21-3199-SAC** under Rule 41(b) for failure to comply with a Court order.[8] Having reviewed Plaintiff's claims herein, as well as his claims in the above enumerated cases, the Court recommends dismissal of Plaintiff's claims, as well as the institution of filing restrictions.

I.   **NOTICE**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period *if* the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

II.   **Recommendation of Dismissal**

Simultaneous with the filing of this Report and Recommendation, the Court granted Plaintiff's request to proceed without prepayment of fees.[9] However, the authority to proceed without prepayment of fees is not without limitation. 28 U.S.C. §1915 requires a court to screen the complaint of a party seeking to proceed without prepayment of fees. *Sua sponte* dismissal of the case is required if a court determines the action: 1) is frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks relief

---

[6] 21-1300-KGG-HLT, *Allen v. Sedgwick County Dist. Atty's Off.*, Order, ECF No. 6 at 7-11.
[7] *Id.*
[8] 21-3199-SAC, *Allen v. Sedgwick County Dist. Atty's Off.,* Order, ECF No. 5.
[9] Order, ECF No. 6.

from a defendant who is immune from suit.[10] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[11]

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[12] Plaintiff "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[13]

Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief." The complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief beyond the speculative level."[14] Plaintiff proceeds *pro se*, and his pleadings must be construed liberally.[15] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[16] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[17] Fed. R. Civ. P. 8 "demands more than naked assertions."[18]

---

[10] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[11] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).
[12] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[13] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[14] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).
[15] *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).
[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[17] *Mays v. Wyandotte County Sheriff's Dep't*, 419 Fed.Appx. 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[18] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

Upon review of the Complaint, the Court concludes there is an insufficient factual basis to raise the right to relief above the speculative level. Because Plaintiff is proceeding *pro se*, the Court has "tried to discern the kernel of the issues [] he wishes to present. . . ."[19] However, Plaintiff fails to state a claim upon which relief can be granted.[20].

As far as can be determined collectively from the complaint and attachments,[21] Plaintiff alleges the Sedgwick County District Attorney's office violated his civil rights on the basis of race and color, and his due process rights when he was arrested on October 23, 2018 for a probation violation, at a time when he was not on probation, and he was held in jail for approximately 20 days before being brought before the court. More importantly, Plaintiff alleges the subject probation ended on September 12, 2017.[22] And, while being held in jail, Plaintiff claims he suffered a head injury from a fall, causing him to get 18 stitches, and he was denied full follow up medical treatment.[23]

Additional records provided to the court indicate on March 21, 2019, Sedgwick County District Court Judge Jeffrey Goering entered an Order stating "[P]ursuant to the Court's ruling on September 12, 2017, the Defendant, Anthony Lamont's probation is terminated. Defendant remains responsible for the payment of restitution and costs."[24]

---

[19] *Mays*, 419 Fed.Appx. at 796.
[20] ECF No. 1.
[21] ECF No. 1-1 at 2,6, and 12.
[22] *Id*. at 12.
[23] *Id*. at 12-13.
[24] *Id*. at 14.

To add to any confusion, a subsequent warrant issued against Plaintiff has two dates: November 3, 2017 and October 18, 2018.[25] But, because both filing dates on the warrant are after September 12, 2017, the date in which Plaintiff claims to have been released from probation[26], the court can plausibly surmise Plaintiff was still on probation when he was arrested on October 23, 2018 and subsequently incarcerated. Therefore, it appears, insofar as the timeline, the warrant was properly executed for the arrest of Plaintiff under K.S.A. § 22-3716, and therefore dismissal is appropriate for failure to state a claim.

Further, the alleged violations of civil and constitutional rights relate to an arrest and incarceration that occurred in October of 2018.[27] His claims for violation of his civil rights are brought pursuant to 41 U.S.C. 1983. The Court determines the applicable statute of limitations for § 1983 actions through the forum state's statute of limitations for personal injury actions.[28] In Kansas, all "actions for injury to the rights of another" "shall be brought within two years."[29] Plaintiff's claims arose more than two years before Plaintiff filed his first Complaint in federal court on June 15, 2021.[30] As such his claims are time-barred, again, making dismissal appropriate.

---

[25] *Id.* at 16.
[26] *Id.* at 12.
[27] ECF No. 1 at 3-4.
[28] *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir.2008) (explaining that the statute of limitations for claims under § 1983 "is drawn from the personal-injury statute of the state in which the federal district court sits"); *McRoberts v. Rosas*, 2022 WL 4482481, at *4 (D. Kan. 2022) (applying K.S.A. § 60-513(a)(4) to Plaintiff's §1983 claims).
[29] K.S.A. § 60-513(a)(4).
[30] 21-1153-KGG-JWB, *Allen v. Sedgwick County Sheriff Dept.*, Memorandum and Order, ECF No. 9 at 3.

Further, Plaintiff has not alleged facts suggesting he is entitled to statutory or equitable tolling of the statute of limitations. And, Plaintiff has alleged these same allegations against different defendants three times, all of which were previously dismissed as time-barred.[31] As a result, Plaintiff's claims remain time-barred and dismissal is appropriate.[32]

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's claim be **DISMISSED** for failure to state a viable cause of action.

### III.  Recommendation of Filing Restrictions

Due to Plaintiff's demonstrated propensities to continuously bring identical claims against different defendants, akin to abuse of the federal court system, the undersigned recommends Plaintiff be restricted from bringing new lawsuits against any defendant, based on the same set of facts in this District. It is well established that "[t]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right to access to the courts to prosecute an action that is frivolous or malicious."[33] "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully

---

[31] ECF No. 1.; *See also* 21-1153-KGG-JWB, *Allen v. Sedgwick County Sheriff Dept.*, Memorandum and Order, ECF No. 9 at 3; 21-1300-KGG-HLT, *Allen v. Sedgwick County Dist. Atty's Off.*, Order, ECF No. 6 at 7-11.

[32] *Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (a district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

[33] *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).

tailored restrictions under appropriate circumstances."[34] As set out above, Plaintiff has a history of duplicative filings in this Court, regarding the same claim.[35]

The factors relevant in deciding whether a litigant's access to the court should be restricted include:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[36]

"Ultimately, the question the courts must answer is whether a litigant who as a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."[37]

All factors weigh in favor of instituting filing restrictions against Plaintiff. In 2021 alone, Plaintiff filed substantially the same complaint three times against different defendants in this Court.[38] This 2023 claim is the fourth known filing of the same claim. Plaintiff cannot have a good faith expectation of prevailing. Plaintiff historically proceeds *pro se.* The claim as well as the others are based on incomprehensible arguments, and are

---

[34] *Ysais v. Richardson,* 603 F.3d 1175, 1180 (10th Cir. 2010) (quoting *Tripati,* 878 F.2d at 352).
[35] *See* 21-3199-SAC, *Allen v. Sedgwick County Dist. Atty's Off.,* 21-1153-KGG-JWB, *Allen v. Sedgwick County Sheriff Dept.*, and 21-1300-KGG-HLT, *Allen v. Sedgwick County Dist. Atty's Off.*
[36] *United States v. Kettler*, 1991 WL 94457, at *6 (10th Cir. 1991) (citing *Safir v. United States Line, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986), *cert. denied*, 479 U.S. 1099 (1987)).
[37] *Id.*
[38] *See* 21-3199-SAC, *Allen v. Sedgwick County Dist. Atty's Off.,* 21-1153-KGG-JWB, *Allen v. Sedgwick County Sheriff Dept.*, and 21-1300-KGG-HLT, *Allen v. Sedgwick County Dist. Atty's Off.*

time-barred. Simply dismissing his cases, is not deterrent to his behaviors. He files a new case, with the same allegations, against different Sedgwick County parties. Lesser sanctions will not adequately address the courts concerns as to Plaintiff's filing penchants to file cases against the defendants.

**IT IS THEREFORE RECOMMENDED** Plaintiff be required to obtain leave of Court to initiate a civil case in this District without representation by an attorney admitted to practice before this Court.

Dated this 12th day of February 2024 at Wichita, Kansas.

s/Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge