# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-1227-EFM-GEB |
| | ) |
| SEDGWICK COUNTY DISTRICT ATTORNEY'S OFFICE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. 1915(e)(1) ("Motion") **(ECF No. 4)**. For the reasons outlined below, Plaintiff's Motion is **DENIED**.

For parties who proceed *in forma pauperis*, 28 U.S.C. 1915(e)(1) gives the Court discretionary authority to "request an attorney to represent any person unable to afford counsel."[1] However, there is no constitutional right to counsel in civil actions.[2] In exercising its discretion, the Court considers multiple factors when deciding whether to appoint counsel for an indigent party.[3] In *Castner v. Colo. Springs Cablevision*[4], the Tenth Circuit identified four factors which are relevant to the District Court's decision whether

---

[1] 28 U.S.C. 1915(e)(1).
[2] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case)).
[3] *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[4] *Castner*, 979 F.2d at 1422.

1

to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations; and (4) a plaintiff's capacity to present the case without counsel.

The Courts must use their appointment power thoughtfully and prudently so willing counsel may be located.[5] The Court must also consider the increase in *pro se* filings and the limited number of attorneys willing to accept pro bono appointment.[6] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[7]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis – he is unable to afford counsel, as established in his Motion to Proceed *in forma pauperis*.[8] Plaintiff also satisfies the second factor. Plaintiff has contacted at least five attorneys, detailed his efforts, and the response he received.[9]

However, Plaintiff fails the third factor. The third factor requires the Court find the Plaintiff has stated a valid claim.[10] As set forth in the Court's Report and Recommendation,[11] the Court recommends dismissal for failure to state a claim upon which relief may be granted. Plaintiff has not satisfied this factor.

---

[5] *Castner*, 979 F.2d at 1421.
[6] *Jackson*, 2014 WL 494789, at *3.
[7] *Id.*, at *2.
[8] ECF No. 3, *sealed*.
[9] ECF No. 4 at 2-3; *Jackson*, 2014 WL 494789, at *2.
[10] *Castner*, 979 F.2d at 1422.
[11] ECF No. 7.

Further, the Plaintiff fails the fourth factor -- the Plaintiff's capacity to present the case without the aid of counsel.[12] Plaintiff's case is not unusually complex, and there is no serious indication the Plaintiff cannot present the case on his own at this point. His failure to date has been the failure to assert a timely claim and abide by a Court order.[13] There is little indication an attorney would assist the Plaintiff in asserting his claim as the claim remains time-barred.[14]

Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff. For these reasons, Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. 1915(e)(1) ("Motion") **(ECF No. 4)** is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of February 2024 at Wichita, Kansas.

                                                s/Gwynne E. Birzer
                                                GWYNNE E. BIRZER
                                                United States Magistrate Judge

---

[12] *Castner*, 979 F.2d at 1422.
[13] 21-1153-KGG-JWB, *Allen v. Sedgwick County Sheriff Dept.*, Memorandum and Order, ECF No. 9 at 3; 21-1300-KGG-HLT, *Allen v. Sedgwick County Dist. Atty's Off.*, Order, ECF No. 6 at 7-11; 21-3199-SAC, *Allen v. Sedgwick County Dist. Atty's Off.,* Order, ECF No. 5.
[14] ECF No. 7 at 5.