IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY ALLEN,

    *Plaintiff*,

v.

SEDGWICK COUNTY DISTRICT
ATTORNEY'S OFFICE,

    *Defendant*.

Case No. 23-1227-EFM-GEB

**MEMORANDUM AND ORDER**

This matter is before the Court on Magistrate Judge Gwynne E. Birzer's Report and Recommendation (Doc. 7) filed on February 12, 2024. Judge Birzer recommends dismissing pro se Plaintiff Anthony Allen's Complaint asserted against Defendant Sedgwick County District Attorney's Office because Plaintiff's claims are time-barred. Furthermore, to the extent Plaintiff's Complaint asserts any claims at all, there are substantially equivalent to the claims alleged, and subsequently dismissed, in Case No. 21-1153-KGG-JWB[1] and Case No. 21-1300-KGG-HLT.[2] Plaintiff's claims were also dismissed in Case No. 21-3199-SAC under Rule 41(b) for failure to comply with a Court order.[3]

---

[1] 21-1153-KGG-JWB, Allen v. Sedgwick Cnty. Sheriff Dept., Memorandum and Order, ECF No. 9 at 3.

[2] 21-1300-KGG-HLT, Allen v. Sedgwick Cnty. Dist. Atty's Off., Order, ECF No. 6 at 7-11.

[3] 21-3199-SAC, Allen v. Sedgwick Cnty. Dist. Atty's Off., Order, ECF No. 5.

Plaintiff offered no objection to Judge Birzer's Report. However, he recently filed a Motion for Default Judgment (Doc. 9), claiming he is entitled to judgment because Defendant has not answered or otherwise responded to his Complaint.

Because Plaintiff has ineffectively attempted to assert the exact same claims on four occasions in federal court, Judge Birzer recommends imposing filing restrictions on Plaintiff. Judge Birzer accurately notes:

> This 2023 claim is the fourth known filing of the same claim. Plaintiff cannot have a good faith expectation of prevailing. Plaintiff historically proceeds pro se. The claim as well as the others are based on incomprehensible arguments, and are time-barred. Simply dismissing his cases, is not deterrent to his behaviors. He files a new case, with the same allegations, against different Sedgwick County parties. Lesser sanctions will not adequately address the courts concerns as to Plaintiff's filing penchants to file cases against the defendants.[4]

The Court has reviewed the Report and Recommendation and finds itself in complete agreement with Judge Birzer's conclusions. Therefore, the Court adopts Judge Birzer's Report and Recommendation (Doc. 7) as its own Memorandum and Order and dismisses Plaintiff's claims as time-barred. Because the Court dismisses Plaintiff's case, Plaintiff's Motion for Default Judgment is denied as moot. Finally, the Court agrees with imposing filing restrictions on Plaintiff as described in the Report and Recommendation.

**IT IS THEREFORE ORDERED** that the case is **DISMISSED** for failure to state a viable cause of action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 6) is **DENIED** as moot.

---

[4] ECF No. 7 at 7–8.

-3-

**IT IS FURTHER ORDERED** that Plaintiff be required to obtain leave of Court to initiate a civil case in this District without representation by an attorney admitted to practice before this Court.

**IT IS SO ORDERED.**

Dated this 13th day of March, 2024.

This case is closed.

*[signature]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE